78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond James HOSLETT, Defendant-Appellant.
 No. 94-56511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Feb. 23, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond James Hoslett appeals the district court's denial of his 28 U.S.C. § 2255 motion. Hoslett argues that: (1) he was denied his Sixth Amendment right to counsel due to an actual conflict of interest which adversely affected his trial counsel's performance, (2) the district court failed to make an adequate inquiry into the matter, and (3) the district court erred by denying his § 2255 motion without conducting an evidentiary hearing. We affirm.
 
 Factual and Procedural Background
 
 3
 On August 21, 1991, Hoslett appeared for trial on three counts of unarmed bank robbery and one count of attempted bank robbery. Seated at the defense table with Hoslett and defense counsel was John Stenstrom whom defense counsel introduced to the district court and the jury as her assistant.
 
 
 4
 After the morning recess of the second day of trial, outside the presence of the jury, the government counsel informed the court that Mr. Stenstrom did not appear to be helping defense counsel and resembled the defendant. The court asked defense counsel about Mr. Stenstrom's identity and she responded that he was a "paralegal and administrative assistant" who assisted her with different cases.
 
 
 5
 However, when the court questioned Mr. Stenstrom under oath, he indicated that he was neither a paralegal nor an administrative assistant and had never assisted defense counsel in any other case. Mr. Stenstrom testified that he was an electronics salesperson who had been asked by defense counsel to assist in Hoslett's trial. The district court told Mr. Stenstrom that he could no longer sit at the defense table.
 
 
 6
 After the jury was excused for the noon recess, the district court once again placed Mr. Stenstrom under oath. In addition to his earlier testimony, Mr. Stenstrom indicated that he was asked to assist in the trial by taking notes. Mr. Stenstrom also stated that defense counsel told him he could help in the trial because he resembled the bank robber in the surveilance photographs. The district court asked Mr. Stenstrom for his notes and marked them as an exhibit.
 
 
 7
 The district court then informed defense counsel that it was considering holding her in criminal and civil contempt for her misrepresentations. The district judge stated that it would carefully consider the matter and would not allow the issue to interfere with Hoslett's trial. The defendant then asked: "I just want to know if there is a conflict of interest here?" The district court responded that there was not, explaining:
 
 
 8
 This has nothing to do with rulings in your case. I explained that yesterday that the comments that we make to counsel who appeared before us will not affect in any way your case, nothing--not in any way and one significant thing for you to take account of is that we will not even go into this until after the case is over and then it will not involve your case at all.
 
 
 9
 Trial transcript, August 22, 1991, at 113.
 
 
 10
 Trial resumed after the noon recess. During an afternoon recess, the district court had a photograph taken of Hoslett, defense counsel, and Mr. Stenstrom sitting at the defense table. The district court also informed the parties that it had not read Mr. Stenstrom's notes which had been previously marked as an exhibit.
 
 
 11
 After both parties rested, defense counsel was given an opportunity to explain what happened with Mr. Stenstrom. Defense counsel apologized to the court and admitted a mistake of judgment in crossing the line of zealous advocacy. She indicated that she was simply attempting to test the recollection of witnesses about the robber's identity by having a man with similar features as Hoslett sitting at the defense table. The case went to the jury on August 27, 1991. That same day the jury returned verdicts finding defendant guilty on all counts. No contempt charges were ever brought against defense counsel.
 
 
 12
 We affirmed Hoslett's bank robbery convictions on direct appeal to this court. United States v. Hoslett, 998 F.2d 648 (9th Cir.1993). We declined to address Hoslett's ineffective assistance of counsel claim, finding that it would be more appropriate for Hoslett to assert this claim under 28 U.S.C. § 2255. Id. at 660. On August 23, 1994, Hoslett filed a § 2255 motion claiming that his right to effective assistance of counsel was violated due to an alleged conflict of interest which arose during trial. On September 1, 1994, the district court summarily denied Hoslett's motion. Hoslett now appeals.
 
 Discussion
 
 13
 I. There was not an actual conflict of interest which adversely affected defense counsel's performance.
 
 
 14
 Hoslett claims that the district court's threat of criminal contempt against defense counsel created an actual conflict of interest which adversely affected her performance.
 
 
 15
 We review the denial of a § 2255 motion de novo. Frazier v. United States, 18 F.3d 778, 781 (9th Cir.1994). In order to demonstrate a Sixth Amendment violation predicated on a conflict of interest, a defendant must establish (1) his counsel actively represented conflicting interests, and (2) an actual conflict of interest which adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).
 
 
 16
 The threat of criminal contempt against defense counsel did not create an actual conflict of interest between defense counsel and Hoslett. Defense counsel had an interest in avoiding a criminal contempt charge and Mr. Hoslett had an interest in minimizing his own criminal liability. These interests, however, did not conflict. Counsel's defense of Mr. Hoslett was not hindered in any way by the threat of criminal contempt. She was able to continue her zealous advocacy on behalf of Mr. Hoslett while simultaneously explaining the incident involving Mr. Stenstrom.
 
 
 17
 Hoslett's reliance on United States v. Fulton, 5 F.3d 605 (2d Cir.1993) and Mannhalt v. Reed, 847 F.2d 576 (9th Cir.), cert. denied, 488 U.S. 908 (1988) is not persuasive. Fulton and Mannhalt both held that an actual conflict of interest exists where defense counsel is implicated in criminal activity involving the underlying conduct for which the defendant is standing trial. Fulton, 5 F.3d at 609; Mannhalt, 847 F.2d at 581. In such a case, a conflict exists because a vigorous defense might unearth evidence which inculpates defense counsel. Here, there was no possibility that a vigorous defense would unearth evidence against Hoslett's defense counsel.
 
 
 18
 The threat of criminal contempt did not adversely affect the performance of defense counsel. We reject Hoslett's argument that it was likely, "if not certain, that [defense counsel] would not offer Appellant as a witness against herself in order to obtain a more lenient disposition for Appellant." Appellant's Opening Brief at 14. This argument is entirely speculative. There is no evidence that the government would have offered Hoslett a more lenient disposition on the four counts of bank robbery in order to obtain his testimony against defense counsel. Defense counsel admitted her wrongdoing and apologized to the court. There was no need for Mr. Hoslett's testimony. We also reject Hoslett's argument that defense counsel's failure to object to the confiscation of Mr. Stenstrom's notes establishes an adverse effect. The district court's inquiry into the Stenstrom incident took place outside of the jury's presence and the district court did not read Mr. Stenstrom's notes. In conclusion, the performance of defense counsel was not adversely affected.
 
 
 19
 II. The district court made an adequate inquiry into the Stenstrom incident.
 
 
 20
 Hoslett argues that the district court did not adequately inquire into the Stenstrom incident to determine if a conflict of interest existed. In Wood v. Georgia, the United States Supreme Court held that "[Cuyler v. Sullivan ] mandates a reversal when the trial court has failed to make an inquiry even though it 'knows or reasonably should know that a particular conflict exists.' " 450 U.S. 261, 272 n. 18 (1981). Here, the district court inquired into the facts of the Stenstrom incident, satisfied itself that no conflict existed, and informed Mr. Hoslett that his trial would not be affected by the incident. We hold that the district court's inquiry was adequate.
 
 
 21
 III. The district court did not err by denying Hoslett's § 2255 motion without holding an evidentiary hearing.
 
 
 22
 A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We review for an abuse of discretion the district court's decision not to hold an evidentiary hearing. Frazier v. United States, 18 F.3d 778, 781 (9th Cir.1994). Because the record conclusively establishes that Hoslett is entitled to no relief, the district court did not err by failing to hold an evidentiary hearing.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3